## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS AT KANSAS CITY

| | | |
|---|---|---|
| **DE'LEAH JENKINS,** | ) | |
| Individually And On Behalf Of | ) | |
| All Others, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | Case No.: 2:18-cv-2217 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **CONVERGYS CUSTOMER** | ) | |
| **MANAGEMENT GROUP INC.** | ) | |
| **d/b/a** | ) | |
| **CONVERGYS CORPORATION** | ) | |
| Registered Agent: | ) | |
| The Corporation Company, Inc. | ) | |
| 112 SW 7th Street, Ste. 3C | ) | |
| Topeka, KS   66603 | ) | |
| | ) | |
|     Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, De'Leah Jenkins, by and through her attorneys, and on behalf of herself, the Putative Classes set forth below, and in the public interest, brings the following class action amended complaint against Defendant, Convergys Corporation, ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1.    Plaintiff brings this action against Defendant for violations of the FCRA.

2.    Defendant obtained information concerning the Plaintiff from a third party.

3.    Defendant paid a fee to the third party for the information it obtained concerning the Plaintiff.

4.    The information obtained from the third party concerning the Plaintiff was a consumer report (as a consumer report is defined pursuant to the FCRA).

5.    Defendant relies on information in consumer reports to make decisions regarding

prospective or current employees.

6.      Defendant relies on information in a consumer report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

7.      Plaintiff asserts FCRA claims against Defendant on behalf of herself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8.      On behalf of herself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

9.      Plaintiff is a resident of Kansas City, Kansas.  Plaintiff is a member of the Putative Classes defined below.

10.     Defendant is a foreign company formed under the laws of Ohio doing business in Kansas and throughout the United States.

## JURISDICTION AND VENUE

11.     This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in Kansas, applied to work for Defendant in Kansas, and her claims arise, in substantial part, in Kansas. Defendant regularly conducts business in Kansas and is subject to personal jurisdiction in this district.

13.     Plaintiff desires the trial to be held in the District Court of Kansas at Kansas City.

## FACTUAL ALLEGATIONS

14.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

15.     Plaintiff applied online for employment with Defendant on or about February 22, 2018.

16.     Plaintiff received an email from Defendant with a tax questionnaire.

17.     Plaintiff had a phone interview with the Defendant.

18.     Plaintiff received an email from Defendant stating that an on-site interview was scheduled for on or about March 1, 2018.

19.     Plaintiff interviewed with three people on March 1, 2018, and was offered a job.

20.     Plaintiff took a typing test, completed paperwork, and took training calls after she had accepted the job.

21.     The time Plaintiff spent completing the typing test, completing paperwork, and taking training calls was compensable.

22.     Plaintiff received several emails to complete paperwork from on or about March 4 through March 8, 2018.

23.     Plaintiff received an email on or about March 5, 2018, regarding a meet and greet for March 9, 2018.

24.     Plaintiff attended the meet and greet.

25.     Plaintiff was asked to leave the meet and greet because of her consumer report.

26.     Plaintiff did not receive a copy of her consumer report until after the adverse action had taken place.

27.     Plaintiff was not compensated for the time she spent working at the direction of the Defendant.

28.    Denying the Plaintiff a job because of her consumer report is an adverse action (as an adverse action is defined pursuant to the FCRA).

29.    Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that may have been present within the consumer report.

30.    Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based upon her consumer report.

31.    Plaintiff was not provided with a copy of her consumer report prior to the adverse action.

32.    Plaintiff did not understand his FCRA rights and did not know how or if she could properly challenge the adverse action.

33.    Defendant's sudden denial of employment caused the Plaintiff to suffer stress and anxiety.

34.    Defendant's denial of employment prior to the receipt of the consumer report and the FCRA Summary of Rights left the Plaintiff confused regarding the ability to challenge any inaccuracy in the consumer report.

35.    Defendant's denial of employment prior to the receipt of the consumer report and the FCRA Summary of Rights left the Plaintiff confused regarding if the information in the FCRA Summary of Rights applied to the Plaintiff.

36.    Plaintiff would have contested the inaccurate and misleading information if given the proper opportunity.

37.    Plaintiff may have been able to obtain employment if given the proper opportunity to contest the inaccurate information in the consumer report.

38.    Defendant contracted with a third party that prior to obtaining consumer reports

on individuals for employment purposes, Defendant would provide a clear and conspicuous disclosure that a consumer report may be obtained for employment purposes.

39.   Defendant contracted with a third party that prior to obtaining consumer reports on individuals for employment purposes, Defendant would provide a clear and conspicuous disclosure that a consumer report may be obtained for employment purposes in a document that consisted solely of the disclosure that a consumer report may be obtained for employment purposes.

40.   Defendant contracted with the third party providing consumer reports that it would provide a copy of the consumer report and a copy of the FCRA Summary of Rights before any adverse action was taken based in whole or in part on information contained within a consumer report.

41.   The agreements made between the Defendant and the consumer reporting agency contain promises that require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(2) and b(b)(3).

42.   Defendant is aware of the FCRA.

43.   Defendant has knowledge that it must comply with the FCRA.

44.   The FCRA creates a *de facto* contract between the Plaintiff and the Defendant that if the Defendant accesses a Plaintiff's private information contained in a consumer report then the Defendant will abide by the requirements of 15 U.S.C.§1681b(b)(3).

45.   Defendant obtained Plaintiff's and other individual's private information contained in consumer reports but violated the provisions of the FCRA and

breached the de facto contract created by the Act.

46.     Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

47.     Defendant's failure to provide the Plaintiff with a copy of the consumer report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

48.     Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

49.     The manner in which the Defendant obtained a consumer report on the Plaintiff is consistent with its policies and procedures governing the procurement of consumer reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

50.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

51.     Plaintiff asserts the following proposed class defined as:

**ADVERSE ACTION CLASS:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after April 24, 2016, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

### Numerosity

52.     The proposed class is so numerous that joinder of all class members is

impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees. Defendant relies on the information contained it said consumer reports, in whole or in part, as a basis for adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

### Common Questions of Law and Fact

53.    Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

    a.    Whether Defendant uses consumer report information to conduct consumer reports on employees and prospective employees;

    b.    Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a consumer report, without first providing a copy of the report to the affected individuals;

    c.    Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to cure any inaccuracy within the consumer report prior to the adverse employment action;

    d.    Whether Defendant's violations of the FCRA were willful;

    e.    The proper measure of statutory damages and punitive damages.

### Typicality

54.    Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses consumer reports to take adverse actions but

fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

55.    Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

56.    A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

57.    This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

58.    This case is maintainable as a class action under Rule 23 of the Federal Rules of

Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

59. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

60. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## FCRA VIOLATIONS

61. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

62.    Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff.

63.    Defendant used a consumer report, as defined by the FCRA, to take adverse employment action against the Plaintiff, and on information and belief, other members of the adverse action class.

64.    Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

65.    Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the consumer reports prior to the adverse action.

66.    Had Defendant complied with the FCRA, Plaintiff would have been given a copy of the Summary of Rights.

67.    Had Defendant complied with the FCRA, Plaintiff would have been given more time to review, dispute and/or address the information contained in the consumer report.

68.    Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that was present within the consumer report before being denied employment.

69.    Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the consumer report.

70.    The Defendant's failure to provide the Plaintiff a copy of the consumer report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to

address the information contained within the consumer report.

71.    Being provided a copy of the consumer report before termination, in compliance with the FCRA, would have helped the Plaintiff understand what information the Defendant was using against his.

72.    A copy of the Summary of Rights before denied employment would have helped the Plaintiff understand what his rights were and would have provided valuable information that may have assisted the Plaintiff in maintaining employment.

73.    Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

74.    The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a.    Defendant has access to legal advice through outside employment counsel;

    b.    Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report, and not providing the Plaintiff with a reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

    c.    The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

    d.    15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

75.    Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these

violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

76.    Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

77.    Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## UNPAID WAGES

78.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

79.    Plaintiff was hired by the Defendant.

80.    Plaintiff performed compensable work at the direction of the Defendant.

81.    Plaintiff was terminated by the Defendant as a result of information in her consumer report.

82.    Defendant has not yet paid the Plaintiff for the time she spent working at the direction of the Defendant.

83.    Plaintiff is due unpaid wages.

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a.    An Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b.    Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c.    Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d.    Order finding that Defendant committed multiple, separate violations of

the FCRA;

e.    Order finding that Defendant acted willfully in deliberate or reckless

disregard of Plaintiff's rights and its obligations of the FCRA;

f.    Order awarding statutory damages and punitive damages as provided the

FCRA;

g.    Order awarding reasonable attorneys' fees and costs as provided by the

FCRA;

h.    Order finding that the Defendant breached the implied contract with the

Plaintiff and other class members;

i.    Order finding that the Defendant failed to properly compensate the

Plaintiff for all time worked; and

j.    Order granting other and further relief, in law or equity, as this Court may

deem appropriate and just.

## **Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all causes of action and claims with

respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown KS 70700
Jayson A. Watkins KS 78463Co
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF